IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARLENE MORAN**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO.** 1:20-cv-366-LG-JCG

**UNITED STATES OF AMERICA**   **DEFENDANT**

## COMPLAINT

Plaintiff, MARLENE MORAN, complains of the Defendant, United States of America, as follows:

**I.**

Plaintiff, Marlene Moran, ("Marlene"), is an adult resident citizen of Harrison County, Mississippi, First Judicial District.

**II.**

The Defendant, United States of America, may be served with process by serving Honorable D. Michael Hurst, Jr., United States Attorney for the Southern District of Mississippi at 501 East Court Street, Jackson, Mississippi 39201; Honorable William Barr, United States Attorney General, Robert F. Kennedy Building, 10th Street & Constitution Avenue NW, Suite 5137, Washington, DC 20530; and Mr. Ryan Zinke, Secretary of the Interior, U.S. Department of the Interior, 1849 C Street NW, Washington, DC 20240.

### III.

### **JURISDICTION AND VENUE**

This civil action is brought pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et seq. The claim advanced herein falls under the purview of 28 U.S.C. § 1346(b)

### IV.

This Court has jurisdiction over the parties and subject matter of this litigation pursuant to 28 U.S.C. 1402(b).  Venue is proper in this jurisdiction because Marlene resides within the venue jurisdiction of this Court and the acts or omissions complained of occurred within the jurisdiction of this Court.

### V.

This action arises under the Federal Tort Claims Act.  On May 26, 2020, Marlene filed an administrative claim with the United States of America, US Department of Health and Human Services, by submission of Standard Form 95.

### VI.

The required period of six (6) months has expired without any action since the filing of the administrative claim. Moran files this civil action pursuant to the provisions and under the authority of the Federal Tort Claims Act.

### **FACTS AND CAUSES OF ACTION**

### VII.

On approximately September 15, 2015 Amanda Osborne ("Osborne"), APRN, an employee of Coastal Family Heath Center, Inc., a federal agency within the meaning of 28 USC § 2671, prescribed Marlene Reglan/Metoclopramide to treat gastro-esophageal

2

reflux disease. Osborne continued to treat Marlene and provide prescriptions or refills for Reglan/Metoclopramide until approximately June 4, 2018. During Marlene's appointment on June 4, 2018 Osborne, APRN noted "Pt with hx of PUD who is followed by GI and has been on long term Reglan, dating back to at least early 2015. Sudden onset of EPS symptoms which is suspected to be directly related to this medication". Osborne further noted that the Reglan is to be stopped as the symptoms may be irreversible. Marlene was referred to a neurologist, Dr. Abha Mishra, and on November 13, 2018 Dr. Mishra diagnosed her with neuroleptic induced tardive dyskinesia, drug induced subacute dyskinesia. Tardive Dyskinesia is a debilitating neurological disorder and is characterized by repetitive, involuntary, purposeless movements. Reglan/Metoclopramide is the most common cause of drug-induced movement disorders. Presently, there is no cure for tardive dyskinesia.

## VIII.

Marlene's use of Reglan/Metoclopramide as prescribed resulted in overexposure to the drug which has caused her to suffer serious, permanent and disabling injuries, including but not limited to injuries of or associated with the central nervous and extrapyramidal motor systems.

## IX.

Although the FDA approved Reglan/Metoclopramide to be used by patients for a term of four to twelve weeks, Marlene remained on Metoclopramide/Reglan for approximately three years notwithstanding the clear warnings from the FDA.

**X.**

Coastal Family Health Center, a federal agency of the United States, by and through Osborne, APRN, a learned intermediary, was negligent in the manner set forth herein.

**XI.**

Marlene institutes this action for the purpose of recovering damages for the personal injuries Marlene has suffered as a result of being prescribed and ingesting Reglan, Metoclopramide and/or Metoclopramide HCl (hereinafter referred to as "Reglan/Metoclopramide).

**XII.**

Marlene's use of Reglan/Metoclopramide as prescribed, resulted in overexposure to the drug which has caused her to suffer serious, permanent and disabling injuries, including but not limited to injuries of or associated with the central nervous and extrapyramidal motor systems.

**XIII.**

Although the FDA approved Reglan/Metoclopramide to be used by patients for a term of four to twelve weeks, Marlene remained on Reglan/Metoclopramide for approximately three years.

**XIV.**

Marlene would show that as a proximate result of her use of Reglan/Metoclopramide, as prescribed, overexposure to the drug proximately caused her to suffer serious, permanent and disabling injuries, including but not limited to,

injuries of or associated with the central nervous and extrapyramidal motor systems, specifically Tardive Dyskinesia, a severe and often permanent disfiguring neurological movement disorder.

## XV.

The treatment rendered by Coastal Family Health, by and through its employee, Osborne, APRN, failed to meet the minimal standard of care required of a minimally competent physician. Osborne, APRN, as the prescribing physician, owed a non-delegable duty to Moran to render to her professional services consistent with the minimally acceptable levels of competency of a prescribing physician. Amanda Osborne, APRN, was expected to apply her qualifications and level of expertise which she held herself out as possessing and apply that to the circumstances of Moran, yet she failed to do so. Marlene will show that Coastal Family Health, by and through its employee, Osborne, APRN was negligent in one or more of the following respects and failed to use the requisite care, skill or diligence of a minimally competent physician prescribing and monitoring the consumption of Reglan/Metoclopramide:

1. Negligently failed to rule out the existence of recognized contraindications to the use of Reglan/Metoclopramide before prescribing Reglan/Metoclopramide or once prescribed failed to keep abreast of the published contraindications and continued the prescriptions.

2. Negligently failed to advise Marlene of the significant risk of injuries associated with the central nervous and extrapyramidal motor systems.

3. Negligently failed to warn Marlene of the side effects including life-

threatening conditions such as Tardive Dyskinesia, a severe and often permanent disfiguring neurological movement disorder.

4. Negligently failed to monitor Marlene for the development of potential side effects, including failing to ask questions to elicit information on whether Moran was developing symptoms.

5. Negligently failed to warn Marlene of the signs or symptoms of potential serious side effects

6. Negligently ignored, disregarded or failed to stay abreast of the manufacturer's and FDA warnings concerning the use of Reglan/Metoclopramide over a prolonged period and failed to timely discontinue the prescription or refills and failed, as the learned intermediary, to instruct Marlene to discontinue consumption of the Reglan/Metoclopramide.

Any one or more of the above acts of negligence was a substantial, foreseeable factor proximately causing the injuries and damages alleged in this Complaint.

**XVI**.

As a direct and proximate result of one or more of the acts of negligence on the part of Coastal Family Heath, by and through its employee Osborne, APRN, Marlene has experienced and will continue to experience past, present and future pain and suffering, mental anguish, past, present and future medical and pharmaceutical expenses including the cost of a life and health care plan, disfigurement, loss of enjoyment of life and has and will continue to experience embarrassing and unsightly

facial contortions and jerking. Marlene would show that the jerking is constant and emotionally disruptive and at times causes her extreme nausea.

**WHEREFORE, PREMISES CONSIDERED**, Marlene seeks judgment against the Defendant in the amount of Two Million Five Hundred Thousand ($2,500,000.00) as set forth in the Administrative Claim for the following damages:

1. Past, present and future medical, pharmaceutical and lifecare expenses.

2. Past, present and future physical and emotional pain and suffering including permanent disfigurement and unsightly facial contortions.

3. Loss of enjoyment of life.

**RESPECTFULLY SUBMITTED**, this the 4th day of December, 2020.

                **MARLENE MORAN**

                OWEN and OWEN, PLLC

                BY:   /s/ JOE SAM OWEN, MSB #3965

Joe Sam Owen (MSB # 3965)
OWEN and OWEN, PLLC
Post Office Drawer 420
Gulfport, MS  39502
228/868-2821 – Telephone
228/864-6421 – Facsimile
jso@owen-owen.com